240 A.2d 361 (1968)
SOLWAY DECORATING COMPANY, Inc., Appellant,
v.
MERANDO, INC., Appellee.
No. 4153.
District of Columbia Court of Appeals.
Argued November 27, 1967.
Decided April 3, 1968.
Philip F. Herrick, Washington, D. C., with whom John B. Kneipple, Washington, D. C., was on the brief, for appellant.
Maurice A. Guervitz, Washington, D. C., for appellee.
Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN, Associate Judge, Retired.
MYERS, Associate Judge.
Solway Decorating Co., Inc., a painting subcontractor, sued Merando, Inc., a general contractor, for the balance due on a contract to paint a repair shop. Merando countered by claiming as a setoff money owed as a result of two different transactions between the parties. The trial judge, sitting without a jury, found for Solway on its claim and allowed the setoff counterclaimed by Merando. The judge then awarded Solway a judgment equal to the excess of its claim over Merando's counterclaims. This appeal ensued.
(1) On November 30, 1959, Solway contracted to paint a repair shop for Merando and completed the work. At trial the parties stipulated that Merando had not paid $8,394.37 of the contract price. Merando's claim to a $330.10 setoff against this amount was not proved to the satisfaction of the trial judge and was disallowed. No appeal was taken from the denial of that setoff, and the correctness of the amount due upon the repair shop contract is not in issue.
(2) In December 1960, Merando was preparing to bid on the prime contract for construction of a high school. Unrebutted testimony disclosed that it was the usual *362 custom in the trade for a general contractor to solicit oral bids for different kinds of work from various subcontractors and to rely upon the lowest of these oral bids in compiling the total bid for the prime contract. If the general contractor was awarded the prime contract, the terms of the oral bids were included in the written subcontracts which he would then execute with each of the subcontractors from whom he had accepted bids.
Solway orally offered to paint the high school for $43,190.00 and Merando relied upon that offer in computing a bid for the prime contract. When Merando was awarded the prime contract, Solway refused to reduce its offer to writing or to do the work. Merando was forced to contract with a substitute painter on February 7, 1961, and to pay $48,000.00 for the same work. The trial judge allowed Merando $4,810.00, the difference between Solway's bid and the amount charged by the substitute painter as a setoff against Solway's claim on the repair shop contract. Solway now argues that allowance of the setoff was error since no formal contract had been executed and therefore Solway did not owe Merando any contractual obligations and could not be liable for breach of a nonexistent subcontract.
We do not think that the facts described give Merando a claim for breach of contract. But Merando raised the separate question of promissory estoppel and argued that Solway ought to be estopped from denying the binding effect of its oral bid on the high school paint job.
To hold a party liable under the doctrine of promissory estoppel "there must be a promise which reasonably leads the promisee to rely on it to his detriment, with injustice otherwise not being avoidable." N. Litterio & Co. v. Glassman Construction Co., 115 U.S.App.D.C. 335, 338, 319 F.2d 736, 739 (1963). The unrebutted testimony at trial was that because of the custom in the trade Solway should have known its bid for the high school paint work would be relied upon and Merando did reasonably rely on that bid. Merando also showed substantial detriment caused by that reliance. Because the testimony on the issue of promissory estoppel was wholly uncontested at trial and proved every required element thereof,[1] the trial judge had no choice but to decide as she did. Since exactly the right result and, in our view, the only possible result, was reached by the trial judge, we affirm the allowance of Merando's counterclaim on the high school project against Solway's claim on the repair shop.
(3) On December 12, 1960, Solway contracted to paint an elementary school for Merando for $13,930.00. Solway later refused to do the work and Merando was forced to pay another painter $15,000.00 for the same job. The trial judge allowed Merando $1,070.00, the difference between the Solway contract price and the price charged by the substitute painter, as another setoff against Solway's claim on the repair shop.
At trial Solway tried to establish that on March 31, 1961, it had demanded payment from Merando for the repair shop work and that only after Merando had rejected this demand did Solway refuse to paint the elementary school. Solway contended that its refusal to perform this contract was justified by Merando's refusal to pay for the repair shop work. Merando, however, produced testimony showing that no demand for payment was ever made. It also showed that Merando's financial position easily enabled it to pay the amount owed. Presumably the trial judge, after assessing the evidence and the testimony of the witnesses, concluded that no demand was ever made. The record supports such a conclusion, and we cannot say it was clearly erroneous. Such a finding of fact *363 eliminates the need to decide whether rejection of a demand for payment of money owing on one contract could justify the refusal to perform a second contract.
Because Solway was unable to establish the factual premise for its only argument against Merando's counterclaim, the trial judge properly allowed the setoffs claimed. From the record in this case, we are convinced that the trial judge's final determination was amply supported and the judgment is therefore
Affirmed.
HOOD, Chief Judge (dissenting).
I cannot agree with the majority in its treatment of the high school paint job. I agree with the majority that Merando established no breach of contract because there was no contract, but I do not agree that Merando established a claim to damages based on promissory estoppel.
The complaint was based on the alleged existence of a contract and at trial Merando attempted to prove a contract. I find nothing in the record to indicate that the issue of promissory estoppel was raised and tried. Merando's testimony regarding the usual custom of the trade was that it ordinarily led to the execution of a formal contract. but there was no testimony, as I read the record, to justify a finding that Solway's bid constituted "a promise affirmatively to do something."[1]
Even if there were evidence to justify a finding of promissory estoppel, the fact is that the trial court did not so find. It found that a contract existed and the majority concedes this finding was erroneous. Apparently the majority's holding is that the trial court could have found and should have found, though it did not, that promissory estoppel existed; but, as is pointed out in Litterio, "ordinarily an estoppel is a question of fact."[2]
In my view, the issue of promissory estoppel was neither tried nor determined in the trial court, and it is not within the province of this court to try and determine that issue.
NOTES
[1] See Parker v. Sager, 85 U.S.App.D.C. 4, 8, 174 F.2d 657, 661 (1949), citing 19 Am.Jur. Estoppel § 42.
[1] N. Litterio & Company v. Glassman Construction Company, 115 U.S.App.D.C. 335, 338, 319 F.2d 736, 739 (1963).
[2] 115 U.S.App.D.C. 335, 339, 319 F.2d 736, 740 (1963).