**SOLWAY DECORATING COMPANY, Inc.,**
**Appellant,**

v.

**MERANDO, INC., Appellee.**

**No. 5000.**

District of Columbia Court of Appeals.

Argued Feb. 24, 1970.

Decided April 20, 1970.

Sebert H. Keiffer, Washington, D. C., for appellant.

Maurice A. Guervitz, Washington, D. C., for appellee.

Before FICKLING, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

When this case began there were three basic disputes between the parties. Each concerned a different job in which it was alleged Solway agreed to do painting work for Merando, a general contractor. When an appeal was taken by Solway, this court, with Chief Judge Hood dissenting, affirmed[1] the judgment of the trial court as to two disputed painting jobs in which awards were entered against Solway.

This court held that the facts asserted by Merando, as to one of those jobs—painting of a high school—failed to sustain a claim for breach of contract. However, we agreed with Merando's alternative claim that, in any event, the facts supported a claim of promissory estoppel—"that Solway ought to be estopped from denying the binding effect of its oral bid on the high school paint job."[2]

A petition for allowance of appeal to the United States Court of Appeals for the District of Columbia Circuit was granted and, by an unreported order, our judgment was reversed as to the bid on the high

school. The case was remanded to the trial court "for a hearing on the issue of promissory estoppel." In his dissent, Chief Judge Hood observed "that the issue of promissory estoppel was [not] raised and tried" in the trial court. The United States Court of Appeals obviously agreed. This is an appeal from the judgment on the trial finding on remand "that the doctrine of [promissory] estoppel should apply against [Solway]."

Solway's main contention is that the proof was not sufficiently clear, precise, and definite to establish the requisite elements of estoppel. We disagree. Our reading of the record reveals "a promise which reasonably [led Merando] to rely on it to [its] detriment, with injustice otherwise not * * * avoidable." N. Litterio & Company v. Glassman Construction Company, 115 U.S.App.D.C. 335, 338, 319 F.2d 736, 739 (1963). Solway places great stress on *Litterio, supra,* for the proposition that estoppel is precluded when "the bid can be regarded as * * * an estimate, or for any other reason not a promise affirmatively to do something". *Id.* The court in *Litterio,* however, was confronted with a grant of summary judgment and the above quote must be read in the light of the holding that the record did not permit summary judgment on the material before the District Court and that estoppel is ordinarily a question of fact. *Id.* at 339, 319 F.2d 736. The latter, of course, is what the United States Court of Appeals held in the instant case.

Merando produced testimony that the custom of the construction trade, as between the "specialty trade"—*e.g.,* plumbing, electrical, mechanical or painting subcontractors—and the general contractors is to receive and rely on telephone bids from the subcontractors in making up and submitting the primary bid. Subcontractors learn of potential bids and examine blue prints and other material of the general contractor in order to get an estimate of

1. Solway Decorating Co. v. Merando, Inc., D.C.App., 240 A.2d 361 (1968).

2. *Id.* at 362.

the work for the particular "specialty trade". These telephone bids come in as the primary bid is being finally prepared for submission and the lowest reliable one is used in calculating the total bid by the general contractor. The evidence adduced also revealed that an officer of Solway called an officer of Merando and submitted the lowest bid for painting the high school. Solway was advised that Merando "was going to use [the] bid to help * * * win the job." Thus, there was evidence before the trial judge which if believed would sustain a finding that, in the custom of the trade, Solway's bid was a promise, known by it to be relied upon by Merando. The resulting injury on Solway's refusal to honor the bid was established by testimony that Merando was awarded the general contract, and when a detailed written contract for the painting work was submitted Solway refused to sign it and to do the work. Merando was forced to obtain another painting subcontractor. The amount in suit is the difference between Solway's bid and the actual cost to Merando of the painting.

Solway also argues that the proof of reliance was deficient for failure to produce a summary sheet reflecting that Merando in fact included its painting bid in the primary bid. This is not a case calling for the application of the best evidence rule since Merando was not attempting to prove the contents of a written document. In re Mobilift Equipment of Florida, Inc., 415 F.2d 841, 844 (5th Cir. 1969); Wallin v. Greyhound Corporation, 341 F.2d 521, 523 (6th Cir. 1965); Herzig v. Swift & Co., 146 F.2d 444 (2d Cir. 1945). We conclude that the trial judge was correct in ruling that Solway's objection to the absence of the summary sheet was properly addressed to the weight of the evidence offered.

Solway also contends that since promissory estoppel was not pleaded as part of the original cause of action it could not now be relied upon and that, in any event, since Merando owed Solway money on another painting job, it may not rely on promissory estoppel. We think both points have been earlier decided—the former by the United States Court of Appeals and the latter by a factual decision made in the first trial and sustained on the earlier review. The mandate of the United States Court of Appeals clearly disposed of the claim that the estoppel issue could not be litigated and Solway has had adequate notice of it to defend. As to the latter point, we earlier held that the record supported a finding that no demand for payment on other contracts was made prior to refusal to paint the high school. Under such circumstances, and even assuming the correctness of Solway's contention of "counter-estoppel",[3] Solway may not justify refusal to honor its high school bid because of a possible dispute about other jobs when Merando had no knowledge that the bid was subject to such extraneous conditions. *Cf.* Glover v. Jewish War Veterans of United States, D.C.Mun.App., 68 A.2d 233, 234 (1949). *See also* Restatement of Contracts § 23 (1932).

The judgment on remand is

Affirmed.

---

**3.** A point about which we are in doubt.