**Charlotte B. HONAKER, Plaintiff,**
v.
**Larry Anthony LEONARD et al., Defendants.**

**Linda A. WATSON, Plaintiff,**
v.
**Larry Anthony LEONARD et al., Defendants.**

**Civ. A. Nos. 2413, 2414.**

United States District Court,
E. D. Tennessee, N. D.

March 24, 1971.

James W. Mitchell, Kingsport, Tenn., S. J. Milligan, Milligan, Silvers, Coleman & Fletcher, Greeneville, Tenn., for plaintiffs.

Joseph O. Fuller, Kingsport, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

These are diversity actions for personal injuries and property damage, 28 U.S. C. § 1332(a) (1), involving common questions of law and fact which were consolidated for purposes of trial, Rule 42(a), Federal Rules of Civil Procedure. Each of the plaintiffs was awarded judgment against the defendants for $18,000 in compensatory, and $5,000 in punitive, damages. The defendants interposed a timely motion for a new trial, Rules 59 (a), (b), Federal Rules of Civil Procedure, claiming that the jury verdicts are contrary to the weight of the evidence, unsupported by substantial evidence, so excessive as to indicate that they result from passion and prejudice, and as to punitive damages, unsupported by material evidence. There is no merit to the motion.

It is stipulated that on March 14, 1969 at approximately 9:45 o'clock, p. m., the plaintiff Mrs. Honaker was driving her automobile southwardly on a parkway in Bristol, Tennessee, with her coplaintiff Mrs. Watson as a guest passenger therein, at a point where such roadway is separated, with two lanes for each opposite direction of traffic, at a time when the defendant Mr. Settle was driving the automobile of his codefendant Mr. Leonard, who was a passenger therein, in the same direction in the same lane of traffic, but to the rear of the Honaker vehicle, when a collision occurred between the front end of the Leonard vehicle and the rear end of the Honaker vehicle. There was evidence from which the jurors could have found that the Leonard vehicle was speeding in disregard of the safety of others using this roadway, and probably engaging in drag-racing with another vehicle, immediately before this accident.

Another vehicle was proceeding behind the Honaker vehicle in traffic and had stopped at a traffic signal. This trailing vehicle had attained a speed of some 35 miles an hour in second gear, when it was passed by the Leonard vehicle and another automobile in the left of the lanes for southbound traffic, at an estimated speed of 80–85 miles an hour. As the Leonard vehicle crossed some railroad tracks, it slid sidewise to its right out of control, and collided with the Honaker vehicle. The Leonard vehicle came to rest in a field, 150 feet west of the outside southbound lane, having reversed the position it had been headed, and 250 feet of markings in the field and heavy skid marks on the pavement led to it from the obvious point of its impact with the Honaker automobile. There were 62 feet of skid marks past the point of impact, leading to the Honaker car.

Mrs. Watson lost earnings of $267.60 and incurred medical expenses of $1,010.-50. Mrs. Honaker incurred medical expenses of $2,071.60 and sustained property damages of $400 in the accident. Mrs. Honaker had a life expectancy of 51.18 years, and Mrs. Watson had a life expectancy of 45.6 years. Mrs. Honaker was rendered unconscious in the accident and was hospitalized for five days. She sustained an acute lumbosacral strain, requiring her to wear a lumbosacral corset support for several months. Mrs. Watson was not hospitalized but received treatment in the emergency room. She sustained an acute cervical and lumbar strain, and was treated with lumbosacral support and cervical traction. A year after the accident, Mrs. Watson continued to have headaches and had symptoms, believed to be permanent, of intermittent pain in her lower back.

■■ There is no indication of passion or prejudice in the awards of compensatory damage to the plaintiffs. There was evidence of wilful misconduct or an entire want of care which raised the presumption of the conscious indifference to the consequences on the part

of the defendant Mr. Settle, in operating his codefendant's automobile. See Nashville, C. & St. L. Ry. v. Harrell, C.A.Tenn. (1937), 21 Tenn.App. 353, 110 S.W.2d 1032, 1040 [5], certiorari denied (1937). Punitive damages are allowed in Tennessee in negligence cases where there has been some wilful misconduct or entire want of care which raises the presumption of a conscious indifference to consequences. In these cases, the interests of Society and of the aggrieved individuals are blended, and such damages are allowed as punishment for such conduct as an example to the guilty person and others to deter them from committing like offenses in the future. See Lazenby v. Universal Underwriters Ins. Co. (1964), 214 Tenn. 639, 383 S.W.2d 1, 4–5 [1–4]. There was material evidence to support the award of punitive damages herein, and the award was proper under the circumstances presented.

■ " * * * [T]he jury's verdict should be accepted if it is one which could reasonably have been reached. * * * " Duncan v. Duncan, C.A.6th (1967), 377 F.2d 49, 52 [4], certiorari denied (1967) *sub nom.* Fain v. Duncan, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260. The verdicts herein, as to both the respective compensatory and punitive damages, are such that could have been reasonably reached. Although the undersigned judge might have awarded different amounts of compensatory damages to the respective plaintiffs, this Court is not free to reweigh the evidence and supervene the jurors' verdict on this basis. See Tennant v. Peoria & P. U. Ry. Co. (1944), 321 U.S. 29, 35 [2], 64 S.Ct. 409, 88 L.Ed. 520, 525 (headnotes 7, 8), rehearing denied (1944), 321 U.S. 802, 64 S.Ct. 610, 88 L.Ed. 1089.

The defendants' motion for a new trial accordingly hereby is

Overruled.

Note: The local rules of this Court require counsel to submit with all written motions a brief with authorities. Local Rule 12(a). Defense counsel neglected to do this, and such inaction might have been deemed his waiver of the defendants' motion for a new trial. Local Rule 11(f).