**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Laura GRASS, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerry Stanley GRASS, Defendant-Appellant.**

**No. 20830.**

United States Court of Appeals, Sixth Circuit.

May 26, 1971.

Francis R. Crable (argued), Phoenix, Ariz., for appellant.

William Lee McLane (argued), of McLane & McLane, Phoenix, Ariz., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

Scott Collins (court appointed), Prestonsburg, Ky., for appellants.

J. F. Frankenberger, Lexington, Ky., for appellee, Eugene E. Siler, Jr., U. S. Atty., William D. Kirkland, Asst. U. S. Atty., Lexington, Ky., on brief.

Before EDWARDS, MILLER and KENT, Circuit Judges.

PER CURIAM.

■ Appellants were convicted after a jury trial in the District Court for the Eastern District of Kentucky on a charge of forceably interfering with federal officers in the lawful discharge of their duties, in violation of 18 U.S.C. § 111 (1964). Although the evidence of interference was strongly disputed, the jury obviously believed the two FBI agents who testified that appellant Laura Grass grabbed an FBI agent's arm, threw a door against him on one occasion, and barred a door against him on another, and that appellant Jerry Grass ran around the house looking for a gun with which he said he would shoot them, and he beat upon their car with his fists as they were leaving. On this record we cannot say that the jury verdicts were lacking in evidentiary support.

■ Appellants also argue that whatever they did was lawful because the ac-tivity of the agents in entering their house was unlawful in that they did not have an arrest warrant or a search warrant. The FBI agents, however, did have a "pickup order" from the Army issued for another of Mrs. Grass' sons, Cass Grass. The FBI agents testified that they found Cass Grass hiding in the attic.

10 U.S.C. § 809 (1964) says that an Army pickup order must be issued on probable cause. 10 U.S.C. § 808 (1964) specifically authorizes civil officers to make arrests on an Army pickup order.

This court has previously decided the legality of entrance into a house to make an arrest on an Army pickup order. United States v. Latimer, 415 F.2d 1288 (6th Cir. 1969).

We find no merit to the other issues sought to be raised.

The judgments of conviction are affirmed.