**Willard SMARTT, Plaintiff,**

v.

**Charlie LUSK et al., Defendants.**

**Civ. A. No. 1104.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Feb. 2, 1973.

T. Arthur Jenkins, Manchester, Tenn., for plaintiff.

Clinton H. Swafford, Swafford, Davis & Peters, Winchester, Tenn., Charles D. Haston, Haston & Haston, McMinnville, Tenn., for defendants.

MEMORANDUM OPINION

NEESE, District Judge.

This is a damage action under the Civil Rights Act. The Court has jurisdiction under 28 U.S.C. § 1343, 42 U.S.C. § 1983. The plaintiff Mr. Willard

Smartt was injured while in the custody of police officers of McMinnville, Tennessee on November 18, 1970. He had been engaged with a companion Mr. Hervy Bowlin in a day-long spree of drinking beer and was arrested lawfully for driving a motor vehicle while under the influence of an intoxicant.[1]

The arrests of Messrs. Smartt and Bowlin[2] were made by the defendant Mr. Charles M. Lusk, who transported his prisoners to the McMinnville-Warren County, Tennessee jail. After Mr. Smartt had been removed from the police cruiser by Mr. Lusk, and as Mr. Lusk took such prisoner by the arm, Mr. Smartt jerked away and drew his right arm up and back, with fist clenched, while facing Mr. Lusk. The defendant Mr. David M. Stalcup had been alerted by his superior by radio communication that Mr. Lusk was bringing two prisoners to the jail and was approaching the aforementioned cruiser when Mr. Smartt made that gesture.

Mr. Stalcup, who is a younger man, 6 feet and 4½ inches tall and weighing 220 pounds,[3] interpreted Mr. Smartt's gesture as a prelude to an attack upon his fellow-officer and codefendant Mr. Lusk. He grasped Mr. Smartt from behind around the middle portion of his body in "bear-hug" fashion, lifted him from the ground, and delivered him " * * * firmly * * *" into a chair inside the police station. As Mr. Smartt's body reached the chair, it slid into the end of a table. The details surrounding Mr. Stalcup's handling of Mr. Smartt are in great dispute; but, in any event, he sustained fractures of two (possibly four) ribs on his right side, and a bruise of the rear portion of his

left shoulder as the proximate result of his handling by Mr. Stalcup.[4]

■ It is stipulated that at all pertinent times the defendants Messrs. Lusk and Stalcup were acting under color of state law. It appears to this Court, and is so found, that Mr. Stalcup acted arbitrarily and recklessly in using more force than was reasonably necessary under the circumstances to perform his duty. His privilege to use force extended to that amount reasonably necessary to perform his duty. As this Court has stated:

\* \* \* \* \* \*

\* \* \* He cannot \* \* \* use force or violence disproportionate to the extent of the resistance offered.

\* \* \* \* \* \*

"What amounts to reasonable force on the part of an officer \* \* \* usually depends on the facts in the particular case \* \* \*. The reasonableness of the force used must be judged in the light of the circumstances as they appeared to the officer at the time he acted, and the measure is generally considered to be that which an ordinarily prudent and intelligent person, with the knowledge and in the situation of the \* \* \* officer, would have deemed necessary under the circumstances. The officer has discretion, within reasonable limits, to determine the amount of force which the circumstances require, and he is not guilty of wrong unless he arbitrarily abuses the power confided in him. Moreover, it is presumed that he acted in good faith." \* \* \*

Moore v. Bishop, D.C.Tenn. (1972), 338 F.Supp. 513, 515.

1. This charge was afterward reduced to that of reckless driving, to which latter charge Mr. Smartt pleaded guilty and paid a fine upon his conviction of $40 and court costs. The plaintiff makes no claim that his warrantless arrest was without probable cause.

2. Mr. Bowlin was arrested for the offense of public drunkenness, as he had been several times previously; Mr. Smartt had no such arrest record.

3. As described by his physician, Mr. Smartt is a tall, lanky individual (although the Court considered him at trial heavier than the term "lanky" implies).

4. Mr. Smartt also sustained a fracture of his left kneecap; however it was not shown by a preponderance of the evidence that this injury was causally connected to the conduct of Mr. Stalcup; Mr. Smartt fell two or three times after his release from jail.

█ Although the defendant Mr. Lusk had dealt alone previously with these two highly-intoxicated persons, the plaintiff Mr. Smartt and Mr. Bowlin, and experienced no difficulty in so doing, Mr. Smartt appears to have become mildly uncooperative when being removed from the caged portion of the police vehicle. He required restraint. Those involved were situated near the entrance to a joint law enforcement facility of the city of McMinnville and the county of Warren, Tennessee. Not only were the officers Messrs. Lusk and Stalcup present: there was also present at the scene of the melee and available to assist, Mr. H. C. Perry, a veteran trooper of the Tennessee Highway Patrol. Watching the proceedings from the law enforcement facility itself was Mr. Harry Lee Hayes, another McMinnville policeman.[5] Inside the facility was Mr. Douglas Deaton, a deputy sheriff of Warren County. It appears to the court that an ordinarily prudent and intelligent person, with the knowledge and in the situation of Mr. Stalcup, would have been able to protect his fellow-officer from an assault, to effect Mr. Smartt's restraint while in custody, and his delivery into the facility without injuring him in the manner in which the evidence shows he was injured.

The plaintiff claims that the defendants, under color of a statute of the state of Tennessee or an ordinance of the city of McMinnville, Tennessee, subjected him, admittedly a citizen of the United States, to the deprivation of rights, privileges and immunities secured to him by the Constitution, Eighth and Fourteenth Amendments, 42 U.S.C. § 1983, in that they inflicted cruel and unusual punishment upon him and denied him the equal protection of the law. There is no evidence that the punishment inflicted on Mr. Smartt by Mr. Stalcup was "barbarous," which is the meaning of cruelty as it relates to punishment. 25 C.J.S. Cruel 21, citing State v. Kingen (1929), 58 N.D. 387, 226 N.W. 505, 506. It is unnecessary to decide whether Mr. Smartt was deprived by Mr. Stalcup of the equal protection of the law.[6] The arbitrary conduct of Mr. Stalcup, in subjecting Mr. Smartt to the reckless use of excessive force, was a constitutional violation. Jenkins v. Averett, C.A. 4th (1970), 424 F.2d 1228, 1232 [5], [6], citing Screws v. United States (1941), 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495; Stringer v. Dilger, C.A. 10th (1963), 313 F.2d 536; Brazier v. Cherry, C.A. 5th (1961), 293 F. 2d 401, certiorari denied (1961), 368 U. S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136; Jackson v. Duke, C.A. 5th (1958), 259 F.2d 3; Brooks v. Moss, D.C.S.C. (1965), 242 F.Supp. 531; Jackson v. Martin, D.C.Miss. (1966), 261 F.Supp. 902. See also Hardwick v. Hurley, C.A. 7th (1961), 289 F.2d 529, Geach v. Moynahan, C.A. 7th (1953), 207 F.2d 714, Selico v. Jackson, D.C.Cal. (1962), 201 F.Supp. 475. Such conduct is usually described as a violation of the right to due process of law. Morgan v. Labiak, C.A. 10th (1966), 368 F.2d 338, 340 [1]; 1 A.L.R.Fed. 512; see also Anno: Police action in connection with arrest as violation of Civil Rights Act, 42 U.S.C. § 1983. 1 A.L.R.Fed. 519. Accordingly, this Court finds that the defendant Mr. Stalcup, acting under color of a state statute or ordinance, subjected Mr. Smartt to the deprivation of his right to

---

5. Mr. Hayes testified that other prisoners had been escorted to a place of confinement by the method utilized herein by Mr. Stalcup.

6. *Cf.* Bottone v. Lindsley, C.A. 10th (1948), 170 F.2d 705, certiorari denied (1949), 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101, with *contra:* Shock v. Tester, C.A. 8th (1969), 405 F.2d 852, certiorari denied (1969), 394

U.S. 1020, 89 S.Ct. 1641, 23 L.Ed.2d 45; although the state's police power is not a license to ignore the constitutional right of equal enforcement of the law. Lewis v. City of Grand Rapids, Michigan, D.C.Mich. (1963), 222 F.Supp. 349, 383 [16], reversed in part, C.A. 6th (1966), 356 F.2d 276, certiorari denied (1966), 385 U.S. 838, 87 S.Ct. 84, 17 L.Ed.2d 71.

due process of law secured to him by the Constitution, Fourteenth and Fifth Amendments.

Even without proof of actual damages resulting proximately from this incident, Mr. Smartt is entitled to nominal damages by virtue of the proof of the deprivation by Mr. Stalcup of his right to due process of law. Basista v. Weir, C.A. 3d (1965), 340 F.2d 74, 87–88 [25]. In this instance, however, Mr. Smartt has shown specific actual damages.

He incurred medical expenses of $244.40.[7] He suffered physical pain. It was recommended that he wear, and he wore, a chest binder for several months, at least at times. His chest pains were disabling[8] for several months, and he reported continued pain in his chest in June, 1972. He experiences difficulty in sleeping and (at times) must ingest aspirin, etc.

Mr. Smartt was working as a handyman for a nurseryman at the time he was injured. He earned $65 per week on a year-round basis from that employment. The injury to his knee[9] prevents his doing the same type of work he formerly did, although he earns from $65 to $200 per week at pulling bushes on a per-bush basis during the fall and winter months. The only residual from his chest injury is discomfort at changes in the weather.

The Court has a difficult time in separating the damages which were causally connected to Mr. Stalcup's deprivation from those which were not shown to be causally connected thereto. However, this cannot be allowed to prevent an award.

From all of which, it is the decision of this Court, Rule 58(1), Federal Rules of Civil Procedure, that the plaintiff Mr. Willard Smartt recover of the defendant Mr. Charles Stalcup actual and nominal damages of one thousand six hundred, twenty-two dollars and twenty cents ($1,622.20),[10] and that the plaintiff take nothing from the defendant Mr. Charlie Lusk. As constituting a matter exclusively within the Court's province, as the trier of facts herein, no punitive or exemplary damages are awarded.

---

7. However, this sum includes considerable treatment of the plaintiff's injured knee, which the Court has found not to be causally connected to the conduct of Mr. Stalcup.

8. Although the more disabling injury for a greater length of time to Mr. Smartt was to his knee.

9. A bony reaction to the knee injury of Mr. Smartt has resulted in the formation of a spur on his left kneecap. Whether this may produce difficulty for him in the future is problematical.

10. *Cf.* Rue v. Snyder, D.C.Tenn. (1966), 249 F.Supp. 740, 743 [5], and Ford v. Wells, D. C.Tenn. (1972), 347 F.Supp. 1026, 1031.