PER CURIAM.
R.L.B. asks this Court to review the Florida Board of Bar Examiners’ recommendation that he be denied admission to The Florida Bar. We have jurisdiction based on article V, section 15 of the Florida Constitution.
We agree with the Board’s conclusion that R.L.B. does not show the fitness and moral character required for membership in the Bar. See Fla.Bar Admiss.R., art. III, subd. B, § 2.a. Thus, we conclude that R.L.B. should not be admitted to the Bar at this time.
R.L.B. graduated from law school in 1983. He was later admitted to the bar in another state. He subsequently applied for admission to The Florida Bar and passed both the Florida bar and Multistate Professional Responsibility examinations.
After reviewing R.L.B.’s bar application, the Board held an investigative hearing concerning his case in 1993. The Board then prepared specifications and held a formal hearing in 1994.
The Board found these specifications proven: [1]
—Specification 2(B), concerns a credit application R.L.B. filed with General Motors Acceptance Corporation in September 1992 in which he reported that he was self-employed and earning $65,000 per year. Shortly before making that application, however, R.L.B. applied for unemployment benefits from another state and represented that he was unemployed. The specification alleged that at least one of the documents was false, misleading, or lacking in candor. At his formal hearing, R.L.B. explained that he was unemployed during most of the year when he sought GMAC credit, but that a ear sales representative told him he could rely on his 1991 income and anticipated ease settlements on the credit application. The Board found these explanations unworthy of belief, particularly because R.L.B. had closed his law practice in another state and moved to Florida in late 1991, had not received any income during the year in which he made the credit application, and had not received any fees from pending cases. The Board concluded that it was not reasonable for R.L.B. to list a salary of $65,000 on his credit application and found this specification proven.
—Specification 3 concerns the fact that R.L.B.’s law firm maintained one account that commingled client funds and the law firm’s funds. The firm kept track of each client’s account separately, however, and there was no evidence that R.L.B. took any client funds for his personal use.
—Specification 4 concerns the nine complaints that former clients filed against R.L.B. in another state. Although there was insufficient evidence in each case to support *1051 a finding of a disciplinary violation, in some of the cases the bar’s disciplinary office sent R.L.B. a letter suggesting the appropriate manner to deal with the concern that had arisen.
—Specification 5 concerns a pattern of financial irresponsibility based on deferments, defaults, and delinquencies in the repayment of student loans.
The Board decided that the proven allegations in Specification 2(B) were individually disqualifying. The Board found that the proven allegations of Specifications B, 4, and 5, when viewed collectively, established a pattern and were disqualifying. The Board concluded that R.L.B. did not meet the required standards of conduct and fitness and thus recommended that he not be admitted to The Florida Bar.[2]
Although R.L.B. disputes some of the facts and findings in the specifications, the record supports the Board’s findings and conclusions. On reviewing the proven specifications, we agree that R.L.B. has not shown the character and fitness required for admission to The Florida Bar. Instead, he has demonstrated a course of questionable behavior.
R.L.B. does not assert rehabilitation from prior conduct that bears adversely on his character and fitness for admission. See Fla.Bar.Admiss.R., art. III, subd. B, § 4.e. (requiring clear and convincing evidence of rehabilitation). He does, however, point out that he has held various jobs to support his family and supports a disabled relative. Although this is commendable, we do not believe that this overcomes R.L.B.’s behavior as described in the proven specifications.
Accordingly, we deny R.L.B. admission to The Florida Bar at this time. Our decision does not permanently keep R.L.B. from admission to the Bar. Upon a showing of rehabilitation, he may apply for admission after two years from the date of the Board’s adverse recommendation. See Florida Bd. of Bar Examiners re C.W.G., 617 So.2d 303, 305 (Fla.1993).
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. The Board concluded that Specifications 1, 6, and 7 were not proven. The Board found Specification 2(A) proven, but not disqualifying.

. Article III, subd. B, section 2.a. of the Rules Relating to Admissions to the Bar provides that:
No person shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar unless such person first produces satisfactory evidence to the Board of good moral character and an adequate knowledge of the standards and ideals of the profession and that such person is otherwise fit to take the oath and perform the obligations and responsibilities of an attorney.