PER CURIAM.
J.E.G.R. asks this Court to review the recommendations of the Florida Board of Bar Examiners. We have jurisdiction. Art. V, § 15, Fla. Const.
On March 2, 1995, J.E.G.R. filed an application for admission to The Florida Bar revealing that, while in the Marine Corp Reserves in 1991, he had been found guilty of desertion and missing movement and was sentenced to confinement for thirty months,[1] forfeiture of pay and allowances, and a reduction in pay grade. J.E.G.R. maintained that he left without permission in order to obtain medical assistance. At the time J.E.G.R. deserted, his unit was about to be deployed as part of Operation Desert Storm.
After an investigative hearing, the Board filed Specifications against J.E.G.R. The first Specification charged that J.E.G.R. willfully deserted his unit, that he was convicted of desertion and missing movement, that his sentence was approved but partially suspended by the convening authority, and that the United States Navy-Marine Corps Court of Military Review affirmed his conviction. The second Specification charged that J.E.G.R.’s conscientious objector claim, to which he referred in an explanation of the desertion incident in an application for law school, was a disingenuous attempt to excuse his desertion and evidenced an inability to accept responsibility for his past misconduct. J.E.G.R. admitted Specification 1 and denied Specification 2. After a formal hearing, the Board found that only Specification 1 had been proven, but that it was individually disqualifying.
Additionally, due to the seriousness of the desertion conviction and the length of the sentence imposed, the Board viewed J.E.G.R. in the same manner as it would a convicted felon. Although J.E.G.R. presented evidence of rehabilitation, the Board found it insufficient. Particularly, the Board found that J.E.G.R. “neither recognizes his past misconduct nor shows any sincere remorse for his desertion from the military obligation for which he had volunteered. Rather than accepting responsibility for his serious misconduct, [J.E.G.R.] portrays himself as a victim of both the military and the military justice system.”
Finally, the Board noted J.E.G.R.’s admission at the formal hearing that his desertion conviction renders him ineligible for U.S. citizenship [2] and concluded that even if he had shown sufficient rehabilitation, he should be required to “take the necessary steps to restore his ... eligibility for citizenship before being authorized to practice law in Florida.”[3] Based on the above considerations, the Board recommended that J.E.G.R. not be admitted to The Florida Bar.
J.E.G.R. first argues that the Board erred in viewing him in the same manner as it would a convicted felon. While J.E.G.R. is *360 correct that desertion is not specifically designated as a felony under military law and that there is no equivalent offense in civilian criminal law, he admits desertion is a serious military offense. Indeed, along with other very serious military offenses, it is punishable by death if committed during a time of war. 10 U.S.C. § 885 (1994).
In addition, federal courts have equated or treated desertion as a felony. See Fults v. Pearsall, 408 F.Supp. 1164, 1168 (E.D.Tenn.1975)(stating that “in some factual circumstances, desertion from the armed services is a felony”); United States v. Barber, 300 F.Supp. 771, 772 (D.Del.1969)(apparently presuming that desertion is a felony in context of escape from custody charge); Medina Fernandez v. Hartman, 260 F.2d 569, 570 (9th Cir.1958)(stating that “[d]esertion is a serious crime roughly equivalent to a serious nonmilitary felony”). Accordingly, we find that the Board was justified in viewing J.E.G.R. the same as it would an applicant who had been convicted of a felony.
We also agree with the Board that J.E.G.R. has not sufficiently established rehabilitation to justify his admission at this time. Although he has made a significant effort toward rehabilitation and has probably done all he can do to satisfy the “positive action” element of rehabilitation,[4] he committed a very serious offense. As noted by the Board, J.E.G.R.’s desertion was “aggravated by the fact that it occurred after his unit was activated to serve the national interest following the Iraqi invasion of Kuwait” and by the fact that “it occurred after the applicant had voluntarily joined the Marine Reserves and had received the benefits of being a reservist for more than five years.” Additionally, a review of J.E.G.R.’s testimony supports the Board’s conclusion that he was not sincerely remorseful for his conduct and did not show a lack of ill will towards the military regarding his desertion conviction.
Finally, we approve the Board’s requirement that before J.E.G.R. may be admitted, he must establish or restore his eligibility for United States citizenship. The Rules of the Supreme Court Relating to Admissions to the Bar require applicants who have been convicted of a felony to have their civil rights restored before gaining admission to The Florida Bar. See Fla. Bar Admiss. R. 2-13.3. We feel that it would be unfair not to require J.E.G.R. to take similar steps in this case to establish his qualification for admission.
Accordingly, we uphold the Board’s recommendation that J.E.G.R. not be admitted at this time and that he be required to establish or restore his eligibility for United States citizenship prior to being admitted in the future. However, in light of his efforts toward rehabilitation, he shall be permitted to reapply for admission one year from the date the Board delivered its adverse findings.
It is so ordered.
HARDING, C.J., and OVERTON, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
SHAW, J., concurs in result only.

.Approximately 23 months of this sentence was suspended.

.J.E.G.R. is a citizen of El Salvador. The United States Code provides that an alien deserter during a time of war is "permanently ineligible” to become a United States citizen. 8 U.S.C. § 1425 (1994).

.The Board clearly states that it is not recommending that J.E.G.R. be required to become a citizen of the United States.

. Since his desertion conviction, J.E.G.R. has performed volunteer and paid work in the public interest representing refugees, and he was awarded two public interest fellowships during law school.