ANSTEAD, J.,
concurring in part and dissenting in part.
I fully concur in the Court’s opinion approving the Board’s recommendation that R.L.W. not be admitted to the Florida Bar. Simple honesty and integrity are qualities absolutely essential and fundamental for those who seek to become officers of this Court and to serve the citizens of Florida. The Florida Board of Bar Examiners has worked tirelessly to protect the citizens of Florida by consistently emphasizing the fundamental nature of these qualities of honesty and integrity for those who seek the privilege of practicing law in Florida. All Florida citizens, and especially members of the justice system, owe a debt of gratitude to the Board for maintaining a sharp focus on these essential qualities. Further, the record before us fully supports the Board’s findings here and the recommendation that R.L.W. not be admitted at this time.
While I would sustain the Board’s recommendation of denial, I would allow reapplication in two years. Whether petitioner will be able to prove his rehabilitation in that time remains to be determined. My concern, and my disagreement with my colleagues in deviating from the standard two-year period before a new application may be filed, is that this deviation sharply conflicts with our own prior decisions, which in many instances involve much more egregious conduct but permit reapplication in two years. I fear we are also embarking on a course where we, and the Board, will be faced in every case of denial of admission with the additional burden of determining when to allow reapplication, using R.L.W.’s circumstances as a benchmark. And, of course, our decisions will largely be based upon speculation that rehabilitation cannot occur sooner.
Not even one instance has been cited by the Board where the Board has recommended and this Court has approved a ban on reapplication for five years. Perhaps more important, there are a host of instances in our case law where much more serious misconduct, including criminal conduct or dishonesty, has been involved, but reapplication has been permitted within the standard two years. See, e.g., Florida Bd. of Bar Exam’rs re J.E.G.R., 725 So.2d 358 (Fla.1998); Florida Bd. of Bar Exam’rs re R.L.B., 660 So.2d 1049 (Fla. 1995); Florida Bd. of Bar Exam’rs re C.W.G., 617 So.2d 803 (Fla.1993). Indeed, we frequently discipline practicing lawyers for much more serious misconduct with suspensions for terms less than five years.
Principled decision making requires that we act reasonably and consistently in evaluating the circumstances of the cases before us. With today’s decision, we must now be careful that our standards are both applied consistently and that they appear to be applied consistently. I fear we have deviated from that rule here. When all is said and done, what the Board has really decided is that R.L.W. cannot possibly be rehabilitated in less than five years. Traditionally, we have put off speculating about that issue and left it to the applicant to shoulder the heavy burden of demonstrating rehabilitation, and the Board’s *929 good judgment in evaluating that issue upon reapplication based upon the actual facts of the case. Actual facts will always trump speculation. And, again, based upon today’s decision, even those with criminal records will have the opportunity to demonstrate rehabilitation while R.L.W. waits more than twice the time to attempt to make his case.
PARIENTE and QUINCE, JJ„ concur.