Steven C. DRAEGER, By and Through
Norman A. Draeger, guardian ad lit-
em, Plaintiff-Appellee,

v.

GRAND CENTRAL, INC., and David
Park, Defendants-Appellants.

No. 73–1819.

United States Court of Appeals,
Tenth Circuit.

Sept. 12, 1974.

Rehearing Denied Oct. 16, 1974.

Paul L. Badger of McMillan & Browning, Salt Lake City, Utah, for plaintiff-appellee.

H. Wayne Wadsworth of Hanson, Wadsworth & Russon, Salt Lake City, Utah, for defendants-appellants.

Before HILL, MOORE* and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

In this diversity and civil rights action in which the jury returned a verdict in favor of the plaintiff awarding $4,000 damages on each of two claims, one for false imprisonment and one for civil rights violation, the defendant department store and the off-duty police officer employed by it seek reversal.

Various points are relied on. Defendants contend:

*First,* that defendant Park is immune from false arrest liability by the relevant Utah statute allowing reasonable investigation by police officers and merchants in the course of prevention of shoplifting.

*Second,* that Park's conduct was not so aggravated as to rise to the level of a violation of the constitutional rights of the plaintiff.

*Third,* that even assuming that the officer in fact and in law violated the plaintiff's civil rights, nevertheless, the store is not to be held vicariously liable under 42 U.S.C. § 1983 for the actions of the officer.

The facts are not complicated: defendant-appellant David Park is regularly employed as a police officer in Orem, Utah. At the time of the incident he was engaged as a security guard for the department store. An off-duty policeman in Utah is authorized to prevent and detect crime and to make arrests of persons who commit crimes in the officer's presence or view.

The incident in question occurred on October 25, 1971, at or about 6:00 p. m. Defendant Park was engaged in his off duty employment as security guard. From a catwalk near the sound room area of the store he was observing patrons by focusing binoculars on them. At the time, he was dressed in civilian clothes. Plaintiff Draeger and a companion had been in the sound room going through various tapes. Defendant Park observed them passing several tapes back and forth. He thought that he saw one of the tapes disappear into Draeger's jacket pocket, so when the latter and his companion left the sound room Park climbed from the catwalk and at the front door identified himself to them and stated that they were under arrest. There is some dispute about the exact statement made. Defendant Park testified that his statement was "I would like to talk with you a minute. I am a security officer." Simultaneously he displayed his badge. There is no dispute about Park's action in placing the plaintiff under arrest. Plaintiff did not submit to the arrest and the evidence indicates that Park twisted his arm behind his back and forcibly took him outside the store to a side entrance and down a hallway to the security office, where the search was conducted. No tapes were found. When the investigation was completed the boys were allowed to leave. They went to the Orem City Police Department and tried to file a complaint. Following this, they proceeded to the Utah Valley Hospital in Provo, Utah in an effort to get treatment for plaintiff's arm.

The evidence established that there was slight injury to the plaintiff's arm

---

* Honorable Leonard P. Moore, Senior Judge, United States Court of Appeals, Second Circuit, New York, New York, sitting by designation.

and that this required physical therapy treatments and caused the plaintiff to wear a sling for approximately a week.

As a result of the incident, the action was filed by the plaintiff through his father as guardian. Jurisdiction was based on both diversity and 42 U.S.C. § 1983. Compensatory damages in the amount of $50,000 and punitive damages in the amount of $50,000 were sought on each of plaintiff's three claims.

## I.

At the outset we consider appellants' contention that the relevant Utah immunity statutes fully protected the defendant Park from liability. These provisions protect police officers, merchants or merchant's employees from both criminal and civil liability if they have arrested or detained individuals on reasonable and probable grounds who are believed to have committed shoplifting violations.[1]

Defendants contend that the actions were clearly within the protective scope of the quoted statutes and also maintain that the instructions dealing with the subject were inadequate.

■■ A prime requisite to the operation of these statutes is the existence of reasonable and probable ground for the arrest. The evidence is not so clear as to require that this question be treated as one of law. Whether reasonable cause and probable cause were established was obviously an issue of fact. These elements have to be determined by the trier of the facts from a full and thorough consideration of all of the evidence bearing on the question.

■■ As to the alleged inadequacy of the instructions, it is important to note that the particulars of the instruction are largely within the discretion of the trial judge. Thus, no form of words is essential if the charge as a whole conveys a correct statement of the applicable law. 9 Wright and Miller, Federal Practice and Procedure § 2556; Tyler v. Dowell, 274 F.2d 890, 897 (10th Cir. 1960), cert. denied, 363 U.S. 812, 80 S. Ct. 1248, 4 L.Ed.2d 1153. Where, as here, specific statutory law is involved the trial judge is allowed to paraphrase the language and it is not required that he quote it directly so long as the meaning is communicated accurately. McDonnell v. Timmerman, 269 F.2d 54, 62 (8th Cir. 1959); La Barge Water Well Supply Co. v. United States, 325 F.2d 798, 803 (8th Cir. 1963). The defendants' principal complaint is that the judge failed to read the statute; the reading is not, however, the best approach. Indeed, it has been considered in some instances to be erroneous. 9 Wright and Miller, Federal Practice and Procedure § 2556, footnote 1.

It is to be concluded then that the problem incident to the immunity statute is not an issue of substantive law but, rather, is predominantly a question of fact.

Since the dispute as to whether defendant Park had reasonable and probable ground to arrest the plaintiff was a question of fact, the jury's verdict constituted a determination that reasonable and probable ground for the plaintiff's arrest was nonexistent and so the immunity statutes do not furnish an effective

---

1. The terms of these provisions are as follows:

A peace officer, or a merchant, or a merchant's employee, servant or agent, who has reasonable and probable ground for believing that goods held or displayed for sale by the merchant have been taken by a person with intent to steal may, for the purpose of investigating such unlawful act and attempting to effect a recovery of said goods, detain such person in a reasonable manner for a reasonable length of time. (Sec. 77–13–30, U.C.A., 1953, as amended).

A peace officer or a merchant, or a merchant's employee, servant or agent, who causes such detention of a person as provided in section 77–13–30, or who causes the arrest of a person for larceny of goods held or displayed for sale shall not be criminally or civilly liable where the peace officer, or merchant, merchant's employee, servant or agent has reasonable and probable ground for believing that the person detained or arrested committed larceny of goods held or displayed for sale. (Sec. 77–13–32, U.C.A., 1953, as amended).

basis for reversal. The instruction dealing with probable cause was adequate.

## II.

■ The contention of defendants that the defendant Park's conduct was not sufficiently aggravated or outrageous to constitute an invasion of the plaintiff's civil rights is also lacking in merit. The main argument here is that the jury found for the defendants on the claim of assault and battery, including the use of excessive force in making the arrest. It is said that the only thing remaining is the fact that the plaintiff was arrested in front of the store and subjected to embarrassment and humiliation incident to this act and that he was detained against his will for a very short period of time. This, they say, is inadequate.

Our decision in Wells v. Ward, 470 F. 2d 1185 (10th Cir. 1972) is cited in support of the contention that the action is frivolous. But there, the plaintiff, a law student, who had parked his car in a prohibited place in front of the Utah University Law School had refused to cooperate in any degree with the officer, and we there said that there are differences between common law torts and violations of the rights guaranteed by the Fourteenth Amendment to the Constitution of the United States. We noted that often the same set of facts give rise to remedies under both the federal and the state common law, and we added:

\* \* \* The differences are though in terms of not only the requisite elements under § 1983, but also in the gravity of the right which has been invaded. For example, under state common law, the mere placing of another in apprehension of bodily harm is an assault and the mere unprivileged touching of another is a battery.

Also, the slightest interference with personal liberty is a false imprisonment. It does not follow that all such invasions however trivial or frivolous serve to activate remedies under the due process clause of the Fourteenth Amendment as well as those parts of the Bill of Rights which are incorporated in and made a part of due process.

470 F.2d at 1187.

Here, the factual structure is more substantial than in Wells v. Ward. The facts establish a false arrest, search and confinement in which no justification is apparent. The plaintiff was roughed up some and was detained in the security room for at least a short period of time. It is sufficiently serious to constitute a violation of rights guaranteed by the Fourteenth Amendment.[2]

## III.

■ Generally speaking, the doctrine of vicarious liability or respondeat superior has been ruled out in cases arising under the Federal Civil Rights statutes. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973); Adams v. Pate, 445 F.2d 105 (7th Cir. 1971); Ashenhurst v. Carey, 355 F.Supp. 1101 (N.D.Ill.1973); Barnes v. Dorsey, 354 F.Supp. 179 (E. D.Mo.1973); Boyden v. Troken, 352 F. Supp. 722 (N.D.Ill.1973).

In Jennings v. Davis, *supra*, an effort had been made to subject the police chief to liability because the act in question had occurred in close proximity to him. The court conceded that § 1983, being a remedial statute, was entitled to a liberal construction, but also ruled vicarious liability to be inappropriate. The Court of Appeals for the Eighth Circuit added: "We . . . expressly reject the application of the doctrine [of respondeat superior] on this set of

---

2. There is a substantial body of law which establishes that warrantless arrest without probable cause, or warrantless search without probable cause, will support an action for damages under 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Giordano v. Lee, 434

F.2d 1227 (8th Cir. 1970), cert. denied, 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971); Sexton v. Gibbs, 327 F.Supp. 134 (N.D.Tex.1970), aff'd, 446 F.2d 904 (5th Cir. 1971), cert. denied, 404 U.S. 1062, 92 S.Ct. 733, 30 L.Ed.2d 751 (1972).

facts, as have the vast majority of federal courts in cases such as this." [Citations omitted.] 476 F.2d at 1274.

Ever since the Supreme Court's decision in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the law has been clear that municipalities are not included within the ambit of § 1983. A more recent decision along the same line is City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

In subsequent decisions courts have extended the reasoning of Monroe v. Pape to other state and municipal agencies. *See* Lehman v. City of Pittsburgh, 474 F.2d 21 (3d Cir. 1973) (Civil Service Commission held not a "person" under the Act); Fischer v. Cahill, 474 F.2d 991 (3d Cir. 1973) (New Jersey prison medical department held not a "person" under § 1983); Anthony v. Cleveland, 355 F.Supp. 789 (D.Hawaii 1973) (state university held not a "person" under the Act).

■ In instances in which a superior official has been held liable, he has had some actual participation in the incident so that it is not vicarious liability. There is very little law on our question as to whether a private entity having a police officer in its employ is liable on a vicarious liability basis. In our view, there is less reason for imposing vicarious liability here since the entire thrust of § 1983 requires, consistent with the Fourteenth Amendment, official state action. The civil rights protected are guaranteed by the Fourteenth Amendment to the Constitution of the United States and a private entity does not have the requisite official character and thus cannot be reasonably concluded to be representing the state. The Fourteenth Amendment does not, of course, protect against private action.

In one case cited by plaintiff-appellee, DeCarlo v. Joseph Horne & Co., 251 F.Supp. 935 (W.D.Pa.1966), the court did not grapple with the issue of vicarious liability in relationship to a private person. Because of this the case cannot be considered an authority in the present context.

We are of the opinion then that the appellant department store cannot be held liable solely as a master or principal. If the store were an active participant it could still not be state action. Therefore, the aggrieved person must look to common law actions for relief.

In conclusion we are unable to agree with the arguments of the appellant Park that he is entitled to relief from the jury verdict, nor can we see any basis for relief of Grand Central, Inc. from liability on the false arrest or false imprisonment claim. As we have noted, however, we consider the judgment against Grand Central on the civil rights claim to be out of harmony with the applicable constitutional provision and the federal statute enacted pursuant thereto.

Accordingly, the judgment of the district court is affirmed in part and reversed in part; the cause is remanded with instructions to dismiss the claim growing out of Title 42 U.S.C. § 1983 as against Grand Central, Inc. (the third claim for relief).