**Edd Fletcher MOORE et ux., Plaintiffs,**

v.

**Harry BUCKLES et al., Defendants.**

**No. CIV-2-75-59.**

United States District Court, E. D. Tennessee, Northeastern Division.

Nov. 28, 1975.

Thomas McKinney, Jr., Kingsport, Tenn., for plaintiffs.

David F. Bautista, Elizabethton, Tenn., for defendants.

———◆———

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil rights action against, among others, the sheriff of a Tennessee county and the surety on his official bond. The plaintiffs contend that deputies sheriff appointed by such sheriff subjected their (now deceased) son, a citizen of the United States, or caused him to be subjected, under color of Tennessee law, to the deprivation of his right to the due process of law, Constitution, Fourteenth Amendment, rendering such sheriff and his surety liable to them in monetary damages, 42 U.S.C. § 1983, under the doctrine of respondeat superior.

The defendants sheriff and his surety moved for a dismissal of the action against them for the failure of the plaintiffs to state a claim against them herein on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. They insist that they are immunized against this action by the plain provisions of T.C.A. § 8–832.* This Court is thus confronted for the first time squarely, cf. *Juanita Blair Sutton, Etc., plaintiff, v. Bobby Stinson, Etc., Et Al., defendants,* civil action no. 3140, this district and division, memorandum opinion and order of March 27, 1975, with the proposition of whether alleged conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 is immunized in Tennessee by the provisions of T.C.A. § 8–832.

It is not so immunized. " * * * Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 * * * cannot be immunized by state law. * * * *" *Hampton v. City of Chicago, Cook County, Illinois,* C.A. 7th (1973), 484 F.2d 602, 607 [5], certiorari denied (1974), 415 U.S. 917, 94 S.Ct. 1413, 1414, 39 L. Ed.2d 471. To construe T.C.A. § 8–832 in such manner as to bar a federal civil rights action against a Tennessee sheriff and his surety " * * * would transmute a basic guarantee into an illusory promise; and the supremacy clause of the [federal] Constitution insures that the proper construction may be enforced. * * * *" *Idem.*

Although not raised by the aforementioned motion of the defendant sheriff and his surety, this Court is of the opinion that, notwithstanding the foregoing interpretation of the effect of T.C.A. § 8–832 upon 42 U.S.C. § 1983, the plaintiffs have not stated a claim

---

* " * * * No sheriff * * * nor any surety on his bonds, shall be liable for any any act or failure to act on the part of wrongs * * * incurred as a result of any deputy appointed by said sheriff, whether said deputy is acting by virtue of office, under color of office or otherwise. * * * *" T.C.A. § 8–832.

herein against these defendants on which relief can be granted. " * * * Where monetary damages * * * [are] * * * sought under the provisions of the Civil Rights Act the doctrine of respondeat superior does not apply; personal involvement of the defendant is required. * * * " *Adams v. Pate*, C. A. 7th (1971), 445 F.2d 105, 107, n. 2; see and *cf.* also *Roberts v. Williams*, C. A. 5th (1971), 456 F.2d 819, 830–833 [9], certiorari denied *sub nom. Roberts v. Smith* (1971), 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed.2d 110; *Dunham v. Crosby*, C.A. 1st (1970), 435 F.2d 1177, 1180 [1]; *Johnson v. Glick*, C.A. 2d (1973), 481 F.2d 1028, 1033–1034 [9]; *Jennings v. Davis*, C.A. 8th (1973), 476 F.2d 1271, 1274 [4], *Draeger v. Grand Central, Inc.*, C.A. 10th (1974), 504 F.2d 142, 145 [6]. The plaintiffs make no claim herein that either the defendant Mr. Buckles or his surety was involved personally in depriving their son of his federal civil rights, and no circumstances are presented herein which would have required such sheriff to intervene.

For the latter reason, the motion of June 16, 1975 of such defendants hereby is granted, and this action hereby is dismissed as to the defendants Mr. Harry Buckles and the Travelers Indemnity Company for the failure of the plaintiffs to state a claim against them herein on which relief can be granted. The title hereof hereby is amended, so as to reflect that the defendants now are Bynum McCurry, Et Al.