Mary PRICE, Plaintiff,

v.

PARKS–BELK, INC., Defendant.

No. CIV–2–76–66.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 5, 1976.

Kyle K. King, Carlton W. Smith, Greeneville, Tenn., for plaintiff.

C. T. Herndon, III, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity action, 28 U.S.C. §§ 1332(a)(1), (c), for money damages for the false arrest and malicious prosecution of the plaintiff by the defendant's agent, and for his depriving her of her right to due process of law and the equal protection of the law, Constitution, Fourteenth Amendment. 42 U.S.C. § 1983. The defendant moved for a dismissal, ostensibly on the ground that the plaintiff failed to state a claim on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

The defendant's contention that no claim is stated under 42 U.S.C. § 1983, because the defendant is not alleged to have been acting at the pertinent times under color of state law, lacks merit. The plaintiff alleged that the deprivation of her rights was accomplished by the corporate defendant's agent, jointly engaged as a willing participant with police officers of

the Town of Greeneville, Tennessee. It is the law that:

\* \* \* \* \* \*

\* \* \* Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute [18 U.S.C. § 242]. To act "under color" of law does not require that the accused be an officer of the State. It is enough if he is a willing participant in joint activity with the State or its agents.[7] \* \* \*

[7] "Under color" of law means the same thing in § 242 that it does in the civil counterpart of § 242, 42 U.S.C. § 1983 (1954 ed.). *Monroe v. Pape,* 365 U.S. 167, 185, 212, 81 S.Ct. 473, 483, 5 L.Ed.2d 492 (majority opinion) (Frankfurter, J., dissenting). In cases under § 1983 "under color" of law has consistently been treated as the same thing as the "state action" required under the Fourteenth Amendment. \* \* \*

*United States v. Price* (1966), 383 U.S. 787, 794, 86 S.Ct. 1152, 1157[3, 4], 16 L.Ed.2d 267, 272[3, 4].

■ There is merit, however, to the defendant's further contention that it cannot be held liable vicariously herein for the conduct of its agent under the doctrine of respondeat superior. "\* \* \* Where monetary damages \* \* \* [are] \* \* sought under the provisions of the Civil Rights Act the doctrine of respondeat superior does not apply; personal involvement of the defendant is required. \* \* \*" *Moore v. Buckles,* D.C.Tenn. (1975), 404 F.Supp. 1382, 1384[3]. This is true, even though the defendant is a corporation which can act only through its officers, employees and other agents. *Draeger v. Grand Central, Inc.,* C.A. 10th (1974), 504 F.2d 142.

In *Draeger, supra,* the plaintiff also sued an incorporated department store under diversity jurisdiction for false imprisonment and under 42 U.S.C. § 1983 for a civil rights violation. The conduct complained of was at the hands of a security guard employed by the store. On appeal from a judgment against the store for compensatory and punitive damages, the action was remanded with instructions to dismiss the plaintiff's claim growing out of 42 U.S.C. § 1983 as against the store. The Court said, *inter alia:* "\* \* \* [T]he \* \* \* department store cannot be held liable solely as a master or principal. If the store were an active participant it could still not be state action. Therefore, the aggrieved person must look to common law actions for relief. \* \* \*" *Ibid.,* 504 F.2d at 146.

The claim of the plaintiff under 42 U.S.C. § 1983 against the defendant, accordingly, hereby is DISMISSED for her failure to state a claim thereunder on which relief can be granted.

■ The defendant asserts further that the plaintiff's diversity claim should be dismissed on the same ground, citing *Bankhead v. Hall,* C.A.Tenn. (1950), 34 Tenn. App. 412, 238 S.W.2d 522, certiorari denied (1951), and *Charles Stores Co. v. O'Quinn,* C.A. 4th (1949), 178 F.2d 372. The plaintiff failed to respond seasonably to the defendant's motion, local Rule 12(b), and such failure could be deemed a waiver of opposition thereto, local Rule 11(f). As granting this aspect of the defendant's motion would be dispositive of the entire action of the plaintiff, in its discretion and in the interest of justice, the Court hereby WAIVES the provisions of local Rule 11(f), local Rules, App. § 5(a), for a period of 10 days herefrom to afford the plaintiff a further opportunity to so respond.