**Lancie HOLT, Plaintiff,**

v.

**BOARD OF MAYOR AND ALDERMEN OF TOWN OF NEWPORT et al., Defendants.**

**No. CIV–2–76–102.**

United States District Court, E. D. Tennessee, Northeastern Division.

Sept. 16, 1976.

Edward H. Moody and Donald B. Oakley, Morristown, Tenn., for plaintiff.

Roy T. Campbell, Jr., Newport, Tenn., N. R. Coleman, Jr., Greeneville, Tenn., and Ben W. Hooper, II, Newport, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil rights action for money damages against, *inter alia,* the defendant Kuhn's Big K Stores, Incorporated. 42 U.S.C. § 1983; 28 U.S.C. § 1343(3). Such defendant moved for a dismissal as to it on the ground that the plaintiff failed to state a claim against it on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Such motion is meritorious.

The plaintiff is a Tennessee citizen, and such defendant is a Tennessee corporation. See 28 U.S.C. § 1332(a)(1), (c). The plaintiff claims that such defendant is liable to him for the actions of its employee, a certain security guard, on the basis of the doctrine of respondeat superior. No other involvement personally of the corporation is alleged by the plaintiff.

The defendant-department store cannot be held liable solely as a master or principal. If the store were an active participant, it could still not be state action under 42 U.S.C. § 1983. Therefore, the plaintiff must look to common law actions for relief against the moving defendant. *Draeger v. Grand Central, Inc.,* C.A.10th

---

(1974), 504 F.2d 142, 146[7]. For such reason, the plaintiff failed to state a claim herein against Kuhn's Big K Stores, Incorporated, on which relief can be granted. The latter's motion hereby is GRANTED, and as to such defendant only this action hereby is

DISMISSED.