**Gordon Wayne MADEWELL, Plaintiff,**

v.

**Tom GARMON, etc. et al., Defendants.**

**No. CIV–4–79–30.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Feb. 13, 1980.

H. Thomas Parsons, Rogers & Parsons, Manchester, Tenn., for plaintiff.

Robert W. Boyd, Jr., McMinnville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant sheriff moved the Court for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, contending that he is protected from any liability herein by the provisions of T.C.A. § 8–832.* The motion lacks merit.

■ " * * * Although T.C.A. § 8–832 does not immunize a Tennessee sheriff * * * from actions by a sheriff, himself, in violation of the federal civil rights statutes, *Moore. v. Buckles*, D.C.Tenn. (1975), 404 F.Supp. 1382, 1383[1], the doctrine of respondeat superior does not apply where monetary damages are sought against such

---

* " * * * No sheriff * * * shall be liable for any wrongs, injuries, losses, damages or expenses incurred as a result of any act or failure to act on the part of any deputy appointed by said sheriff, whether said deputy is acting by virtue of office, under color of office or otherwise." T.C.A. § 8–832.

a sheriff because of the conduct of his deputy, *ibid.,* 404 F.Supp. at 1383–1384[3]; *cf.* also *Fults v. Pearsall,* D.C.Tenn. (1975), 408 F.Supp. 1164, 1166[1]. * * * " *Sandlin v. Pearsall,* D.C.Tenn. (1976), 427 F.Supp. 494, 497[4–6]. In order for a Tennessee sheriff to be liable in a civil rights action, he must have been involved personally in the unconstitutional conduct. *Idem.* An action brought under the provisions of 42 U.S.C. § 1983 " * * * will not lie against police supervisory officers for failure to prevent police misconduct, absent a showing of direct responsibility for the improper action. * * * " *Wilson v. Beebe,* C.A. 6th (1980), 612 F.2d 275, 276.

■ The Court deems that the plaintiff has alleged herein personal involvement by the defendant sheriff in the conduct which it is claimed deprived the plaintiff of his constitutional rights so as to entitle him to offer proof thereon. Tennessee law appears to place direct responsibility on a sheriff for the operations of his jail: it is his duty " * * * to take charge and custody of the jail of his county, and of the prisoners therein * * *." T.C.A. § 8–810(3). The degree of involvement of the defendant sheriff in the matters of which the plaintiff complains herein is a matter which must be decided at trial and not on an unsupported motion for summary judgment. The movant has not established the absence of any genuine issue of material fact and his entitlement to a judgment as a matter of law. *See* Rule 56(c), Federal Rules of Civil Procedure.

The motion hereby is OVERRULED, but certainly without prejudice to this defendant's raising this defense after an adequate development of the record herein.