**Mark Aaron CHESLER, Plaintiff,**

v.

**John DOE Defendants, Nos. 1–100,**

**The Stouffer Corp., The City of Cleveland, Defendants.**

Civ. A. No. C 81–1926.

United States District Court, N. D. Ohio, E. D.

March 9, 1982.

George Abakumov, Shenyey & Abakumov, Cleveland, Ohio, for plaintiff.

Steven G. Janik, Cleveland, Ohio, for The Stouffer Corp.

Lawrence H. Wilhite, Asst. Director of Law, Cleveland, Ohio, for the City of Cleveland.

## MEMORANDUM

ANN ALDRICH, District Judge.

This matter is now before the Court on the defendant City of Cleveland's ("Cleveland") Motion to Dismiss; the defendant

Stouffer's Inn On The Square[1] ("Stouffers") Motion to Dismiss for want of prosecution; and plaintiff's Opposition to Stouffers' Motion.

For the reasons assessed below, the Complaint is hereby dismissed as to Cleveland and, *sua sponte*, the First Count of the Complaint is dismissed as to Stouffers. Stouffers' Motion to Dismiss for want of prosecution is denied; plaintiff is awarded its costs in opposing that motion in the amount of Seventy-five Dollars ($75.00); and Stouffers is ordered to show cause, within ten (10) days, why judgment by default should not be entered against it.

## I

A. This action arose out of an incident involving the plaintiff, a resident of Massachusetts, while he was a guest at a hotel owned by Stouffers on Public Square in the City of Cleveland, Ohio.

According to the Complaint, at 2:00 a. m. in the morning of September 24, 1980, plaintiff was accosted by certain individuals[2], who were allegedly either security guards employed by Stouffers, or Cleveland police officers. After asking plaintiff certain insulting and derogatory questions, the individuals beat plaintiff about the head and played Russian roulette with a gun pointed at him.

B. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1337 [sic, should be § 1332], and 28 U.S.C. § 1343.

## II

A. The First Count of the Complaint asserts a claim under 42 U.S.C. § 1983 against the individuals, Stouffers and Cleveland. The sole ground on which plaintiff seeks to hold Stouffers and Cleveland liable is their failure to "instruct, train and supervise" the individuals in question.

■ In *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982), the Court held that failure to adequately train, supervise and control police officers, without more, is not sufficient to render a municipality liable under 42 U.S.C. § 1983 for deprivation of constitutional rights resulting from police brutality. See also *Edmonds v. Dillin*, 485 F.Supp. 722 (N.D.Ohio 1980). Stouffers, as a private corporation, cannot be held liable under 42 U.S.C. § 1983 for actions of its security guards, there being no state action. See, *e.g., Holt v. Bd. of Mayor and Aldermen*, 421 F.Supp. 363 (E.D.Tenn.1976).

Therefore, the motion of Cleveland to dismiss the First Count is granted, and the Court, *sua sponte*, also dismisses the First Count as to Stouffers.

■ B. The Second Count of the Complaint asserts various claims under state law, and seeks to hold Cleveland and Stouffers liable under *respondeat superior*.

In the past, Ohio municipal corporations have not been held liable for torts committed by their employees, and the Ohio Supreme Court has consistently held that the Ohio Constitution prohibits the abrogation or modification of the immunity doctrine by the courts. See, *e.g., Gabris v. Blake*, 9 Ohio St.2d 71, 223 N.E.2d 597 (1967). Although recent decisions of the Ohio Supreme Court cast doubt on the continuing viability of these principles, at least with respect to the "proprietary" functions of municipalities, see *Schenkolewski v. Cleveland Metroparks System*, 67 Ohio St.2d 31, 426 N.E.2d 784 (1981), it would not be appropriate for this Court to further modify them with respect to the governmental function of a municipality. Therefore, Cleveland is also dismissed as to the Second Count of the Complaint.

## III

■ A. Stouffers moved to dismiss this action for want of prosecution, on the ground that plaintiff's counsel withdrew, and plaintiff has neither secured successor counsel, nor otherwise prosecuted his claim. Such a motion is plainly frivolous.

---

**1.** Sued as the Stouffer Corporation.

**2.** The Complaint does not allege precisely where plaintiff was accosted.

Plaintiff may prosecute this action *pro se*, if he so chooses, and has not failed to take any action required of him.

Stouffers' Motion to Dismiss for want of prosecution is denied.

■ B. Plaintiff seeks his costs in opposing Stouffers' Motion to Dismiss, and Stouffers has not opposed that motion within the time allowed by the local rules, L.Civ.R. 3.01(3).

Local Rule 3.05 provides in pertinent part:

> The presentation to the Court of unnecessary motions ... which ... unduly delay the course of an action through the courts, subject an offender to appropriate discipline, including the imposition of costs.

*Cf. Roadway Exp. Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Plaintiff is awarded his costs in opposing Stouffers' Motion, in the amount of Seventy-five Dollars ($75.00).

C. Fed.R.Civ.P. 12(a) requires a defendant to file his answer within twenty (20) days after service of the summons and complaint upon him. This time period is altered by service of a motion authorized under Rule 12. In the case at bar, Stouffers has failed to file its answer within the time stipulated by the parties, nor has it filed any motion under Fed.R.Civ.P. 12.

Therefore, it appears that Stouffers is in default, and it is ordered to show cause, within ten (10) days, why a judgment by default should not be entered against it.

IT IS SO ORDERED.