George F. BRADFORD and Pierre A. Cote

v.

Mike GARDNER, Sheriff of Sullivan County, and Sullivan County Sheriff's Department.

No. CIV–2–82–143.

United States District Court, E.D. Tennessee, Northeastern Division.

Jan. 31, 1984.

George F. Bradford and Pierre A. Cote, plaintiffs, pro se.

James W. Bradford, Jr. and William C. Bovender, of Hunter, Smith & Davis, Kingsport, Tenn., for defendants.

## MEMORANDUM AND ORDERS

HULL, District Judge.

■ George F. Bradford and Pierre A. Cote, *pro se* plaintiffs, brought this civil rights action challenging the conditions of confinement at the Sullivan County Jail. 42 U.S.C. Sec. 1983. While state law makes the sheriff the appropriate defendant in such an action. *See Madewell v. Garmon,* 484 F.Supp. 823 (D.Tenn.1980), the Sheriff's department itself is not a suable entity under Section 1983 and is accordingly DISMISSED. *See Williams v. Baxter,* 536 F.Supp. 13, 16 (D.Tenn.1981). Plaintiff Pierre A. Cote was also dismissed from this action for failure to prosecute past the pleading stage and for failure to appear at trial. This action was tried, without intervention of a jury, on January 25, 1984.

■ Plaintiff Bradford testified graphically about his confinements at the Sullivan County Jail, exhibiting items such as a carefully preserved container of cockroaches he had collected as they crawled over his body; a tooth he had lost; and a ripped and coffee-stained raincoat. The picture that developed from his testimony was one of an anxious and disturbed young man from Chicago, frightened and lonely in a crowded but alien jail. There is no doubt that the experience was traumatic for him.

The Court finds that he proved that he had had no preconfinement physical examination; that he developed an ear infection that was examined at least twice by the jail nurse; that as a pretrial detainee he was placed in a cellblock with convicted felons; that his coat was stained by coffee as a result of an altercation between a cellmate and a trustee who threw a large pot of hot coffee on the cellmate; that he was fed only twice a day; that he was not issued jail clothing or items of personal hygiene such as a toothbrush and toothpaste; that he had been unaware of jail rules and regulations (which had at least been posted in a visiting room he never had occasion to use); that he had no access to law books and had an unfortunately difficult time retaining counsel; that he may not have had an opportunity to participate in the Bible study classes (which had to be limited in size for security reasons); and that the sleeping quarters had been extremely crowded.

The constitutional significance of these findings, however, is slight. Mr. Bradford was given a bed and bedding; his meals were nutritionally adequate; he was not summarily punished by his jailers nor injured by his cellmates; and his jailers do not appear to have been in the least way responsible for his difficulties in obtaining counsel. There is no hint of discrimination against Mr. Bradford in the fact that he was unable to attend the Bible study classes. Items of personal hygiene were issued only to indigent prisoners and apparently Mr. Bradford did not qualify since he was seeking retained counsel. Evidently incarceration at the Sullivan County Jail is a good deal less onerous for local people whose families on the outside can supply personal amenities and assist in the retention of counsel.

■ The only serious constitutional question in this case is whether the crowded sleeping quarters were *per se* unconsti-

tutional. Sullivan County Jailer Ermal Sparks testified that the cellblocks are made up of three, four-man sleeping areas, each eight by nine feet in dimension that open into a common "day room" area of ten by twenty-two feet. Inmates are shut into the sleeping areas from 9:00 p.m. until 7:00 a.m. Plaintiff testified that these cells are so crowded that men urinating could not help splashing the feet of those lying on their bunks.

These sleeping quarters are not in compliance with the recommended minimum standards for local correctional facilities published by the State of Tennessee. The state's recommended minimum number of square feet per person for multiple-occupancy sleeping areas is forty square feet. The cells in question provided only eighteen square feet per person. However, a lack of compliance with state requirements does not mandate a finding of a constitutional violation. *See Bills v. Henderson*, 631 F.2d 1287, 1299 (6th Cir.1980).

The constitutionally permissible number of square feet of sleeping cell space for prisoner, whether a pretrial detainee as Mr. Bradford was during his first period of incarceration, or a convicted felon, has been the subject of considerable litigation. The Sixth Circuit approved a district court finding of unconstitutional crowding at the Southern Ohio Correctional Facility in *Chapman v. Rhodes*, 434 F.Supp. 1007 (D.Ohio, 1977), aff'd 624 F.2d 1099 (6th Cir.1980). In that case, convicted felons were housed for long periods of time, two to a cell, in sleeping quarters that had about sixty-three square feet. The *Chapman* court, in finding this crowding *per se* unconstitutional, had carefully reviewed various published standards including those of the American Correctional Institution, the National Sheriff's Association, the National Council on Crime and Delinquency Model Act, and the Report of the Special Civilian Committee for the study of the United States Army Confinement System. The *Chapman* court found that the contemporary standard of decency for long-term incarceration was fifty or fifty-five square feet per prisoner if the prisoner was

to spend the bulk of his time in his cell. However, the Supreme Court reversed this finding, declining to prescribe a constitutionally permissible minimum number of square feet per person and finding, in light of the totality of the circumstances, that the prison conditions were not unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

In the instant case, the Sullivan County Jail is not a modern facility. It is old and crowded, and needs to be replaced. However, it is not intended to house people for long periods of time. Presumably pre-trial detainees are released as soon as bond can be made and post-trial prisoners are held only until they can be moved to state penitentiaries. In light of the fact that the Supreme Court has refused to indicate a constitutionally acceptable minimum number of square feet, this Court will not find the conditions of confinement at the Sullivan County Jail *per se* unconstitutional.

Accordingly, judgment will enter on behalf of the defendant, Mike Gardner, and the plaintiff will take nothing on his claim.