786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE F. BRADFORD, Plaintiff-Appellant,
v.
MIKE GARDNER, Defendant-Appellee.
 84-5259
 United States Court of Appeals, Sixth Circuit.
 2/4/86
 
 E.D.Tenn., 578 F.Supp. 382
 APPEAL DISMISSED
 On Appeal from the United States District Court for the Eastern District of Tennessee
 Before: LIVELY, Chief Judge; MARTIN, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant George Bradford was arrested on July 27, 1981 on burglary charges and was incarcerated in the Sullivan County, Tennessee jail until August 28, 1981, when he was released on bond. He was again incarcerated in the Sullivan County jail upon his conviction on December 15, 1981; he remained in the jail until his transfer to a state penitentiary on March 4, 1982. On July 19, 1982, Bradford and another plaintiff, Pierre Cote (who is not a party to this appeal), filed an action pursuant to 42 U.S.C. Sec. 1983 in the United States District Court for the Eastern District of Tennessee, alleging deprivation of constitutional rights by appellee Mike Gardner, Sheriff of Sullivan County. Plaintiffs complained that the confinement conditions and methods of care and treatment at the Sullivan County Jail were violative of rights protected and guaranteed by the United States Constitution. The complaint sought as relief a declaratory judgment, actual and exemplary damages, costs, and injunction, and appointment of a master. The district court authorized the plaintiffs to proceed in forma pauperis. On October 18, 1983, the court entered an order denying the plaintiffs' motion for a court-appointed attorney. Bradford filed a motion to reconsider; the court also denied this motion. A trial to the district court was held on January 25, 1984; Bradford renewed his motion for appointment of counsel; the court again denied the motion. An order dismissing Bradford's claim was entered on January 31, 1984.
 
 
 2
 On March 16, 1984, the district court received from Bradford a 'Second Notice of Intend [sic]: for Permission to Appeal' ('Second Notice'). This document was accompanied by an affidavit in which Bradford stated that he had filed a previous notice of appeal, in the form of a letter to the trial judge, on January 31, 1984, the day on which the court's order dismissing the claim was entered. Bradford did not, however, give notice to appellee Gardner. The district court, in an order dated March 26, 1984, stated:
 
 
 3
 The Court did not receive Mr. Bradford's letter, and considers the alleged mailing date improbable. However, because plaintiff is pro se, and because he is handicapped by emotional difficulties, this Court will permit his appeal to be filed pursuant to Rule 4(a)(5), Federal Rules of Appellate Procedure.
 
 
 4
 On appeal, Bradford contends that the District Court erred as a matter of law in denying his motions for appointment of counsel pursuant to 28 U.S.C. Sec. 1915(d). He asserts that with the assistance of counsel he could have prevailed upon his claims. Because we hold that Bradford failed to comply with the mandatory requirements of Federal Rule of Appellate Procedure 4(a)(5), we do not reach the issue of whether the trial court abused its discretion in denying the motions for appointment of counsel.
 
 
 5
 Appellee Gardner has moved this court to dismiss this appeal for lack of jurisdiction because Bradford failed to comply with the requirements of Rule 4(a)(5). Federal Rule of Appellate Procedure 4(a)(1) provides:
 
 
 6
 In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from . . ..
 
 
 7
 Rule 4(a)(5) provides an exception to the 30-day requirement set forth in Rule 4(a)(1):
 
 
 8
 The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not more than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules.
 
 
 9
 On appeal, Bradford does not dispute that he failed to file a timely notice of appeal within thirty days of entry of judgment as required under Rule 4(a)(1). Rather, he argues that the 'Second Notice' filed on March 16, 1984, was implicitly a motion for an extension of time for filing a notice of appeal pursuant to Rule 4(a)(5). Thus, he continues, the document was timely filed within sixty days of the January 31, 1984 order dismissing his claim.[1] He further asserts that notice of the motion was given to the opposing party as required by Rule 4(a)(5) in that a copy of the March 26, 1984 order granting permission to appeal, along with a copy of the 'Second Notice' was mailed by the district court to Gardner's attorney on that date. Because the sixty day period did not end until April 1, 1984, Bradford reasons, Gardner received the requisite notice in a timely manner. Finally, Bradford maintains that a showing of good cause for failure to timely file a notice of appeal was established by the allegations, set forth in the affidavit accompanying the March 16, 1984 document, that he was illiterate, that he had mailed a timely notice of appeal that was not received by the district court, and that he was submitting a pleading seeking permission to appeal as he had been instructed to do by the district court clerk. Thus, Bradford urges, he substantially complied with the requirements of Rule 4(a)(5). In light of the liberal construction to be accorded pro se prisoner pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972); Myers v. United States, 636 F.2d 166, 169 (6th Cir. 1981), he submits that the district court order permitting the appeal should be affirmed.
 
 
 10
 In Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983), this court held that where an appellant fails to file a timely motion requesting an extension of time pursuant to Rule 4(a)(5), the court is left without jurisdiction to hear the appeal. The court in Pryor noted:
 
 
 11
 Prior to the 1979 Amendments to the Rules of Appellate Procedure, this Court held that a pro se litigant should have an opportunity to establish excusable neglect if his notice of appeal, though late, was filed within sufficient time to allow the district court to grant an extension of time upon a showing of excusable neglect. See Moorer v. Griffith, 575 F.2d 87, 69-90 (6th Cir. 1978). In effect, this permitted a late notice of appeal to serve as a substitution for a motion for extension of time. The present language of Fed. R. App. P. 4(a)(5), however, specifically requires that a motion for an extension of time to file a notice of appeal be filed not later than thirty days after the expiration of the original appeal time prescribed by the Rule.
 
 
 12
 We agree with the majority of the Circuit Courts which have considered this issue that Rule 4(a), as amended, prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely motion requesting an extension of time. [footnote omitted]. A late notice of appeal which fails to allege excusable neglect or good cause can no longer serve as a substitute.
 
 
 13
 at 64-65.
 
 
 14
 Bradford argues that his 'Second Notice' was intended as a motion requesting an extension of time, and that the accompanying affidavit sufficiently alleged good cause for failure to timely file a notice of appeal. Gardner, on the other hand, contends that the 'Second Notice' cannot be construed as a substitute for a proper motion for extension of time. We need not resolve this issue because, whether or not Bradford's 'Second Notice' could be viewed as a motion for extension of time, it is undisputed that he failed to give notice of such motion to Gardner as required by Rule 4(a)(5). Bradford contends that this requirement was satisfied by the action of the district court in mailing copies to Gardner's counsel of the March 26, 1984 order and the 'Second Notice.' Rule 4(a)(5) requires that, if the motion for extension of time is filed after the expiration of the original thirty-day period for filing a notice of appeal, notice 'shall be given to the other parties in accordance with local rules.' The Notes of Advisory Committee on 1979 Amendments to Rules provide: 'After the expiration of the initial time a motion for the extension of the time must be in compliance with the F.R.C.P. and local rules of the district court.' Thus, under Rule 4(a)(5), Bradford, not the district court, was required to serve notice upon the other party.
 
 
 15
 Further, Gardner's attorney did not receive a copy of the 'Second Notice' until after the district court had granted the motion for permission to appeal. Even if Bradford's 'Second Notice' could be considered a motion for extension of time, the district court was without jurisdiction to enter an ex parte order. In Truett v. Johns-Manville Sales Corp., 725 F.2d 1301 (11th Cir. 1984), the Eleventh Circuit dismissed the appeal as untimely where the appellant did not comply with the requirements of Rule 4(a)(5) by failing to notify the other parties of the motion for extension of time filed fifty-one days after the entry of final judgment. The court stated that because the motion was filed after the original thirty-day period prescribed by Rule 4(a)(1), the district court lacked jurisdiction to grant the motion ex parte. Thus, the court concluded, the district court's order granting the motion was void ab initio. Similarly, in Oda v. Transcon Lines Corp., 650 F.2d 231 (10th Cir. 1981), the Tenth Circuit held that if notice of the motion was not served before expiration of the thirty-day grace period of Rule 4(a)(5), 'the district court has no jurisdiction to grant an order extending time for filing notice of appeal, and notice of appeal was not and cannot be timely filed so as to vest jurisdiction in this court.' at 233.
 
 
 16
 We are cognizant of the fact that Bradford is incarcerated and was proceeding pro se before the district court. These facts, however, do not change the clear language of Rule 4(a)(5) that required Bradford to give notice to Gardner's attorney.
 
 
 17
 Accordingly, this appeal is dismissed for lack of jurisdiction.
 
 
 
 [1]
 The district court, in its March 26, 1984 order, noted that Bradford's 'Second Notice' was 'ledged' on March 16, 1984; it was not entered on the docket sheet, however, until March 26, 1984. It is not necessary for purposes of this appeal to determine whether March 16 or March 26 is the filing date, because, using either date, Bradford failed to meet the thirty day requirement of Rule 4(a)(1) but filed the document prior to the expiration of the thirty day 'grace period' of Rule 4(a)(5)